# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| JULIA NANNERY, individually and on behalf of all others similarly situated,, <br><br> Plaintiff, <br><br> -against- <br><br> WOLVERINE WORLDWIDE, INC., <br><br> Defendant. | Civil Action No.: 1:26-cv-00470-MMG <br><br> **ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT** |

Defendant Wolverine Worldwide, Inc. ("Defendant"), by and through its attorneys, hereby submits its Answer and Affirmative Defenses to Plaintiff Julia Nannery's ("Plaintiff") First Amended Class Action Complaint ("Complaint") as follows:

## NATURE OF THE ACTION

### COMPLAINT ¶1:

This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, et seq. (the "TCPA").

### ANSWER:

Defendant admits that Plaintiff's Complaint alleges violations of the TCPA. Defendant denies this case is appropriate for class treatment.

### COMPLAINT ¶2:

To promote its goods and services, Defendant engages in unsolicited text messaging and continues to text message consumers after they have opted out of Defendant's solicitations.

### ANSWER:

Defendant denies the allegations in Paragraph 2.

### COMPLAINT ¶3:

Through this action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily

life of thousands of individuals. Plaintiff also seeks statutory damages on behalf of Plaintiff and members of the Class, and any other available legal or equitable remedies.

**ANSWER:**

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 but Defendant denies any liability under the TCPA and denies that Plaintiff or any putative class members are entitled to any damages.

**JURISDICTION AND VENUE**

**COMPLAINT ¶4:**

This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, et seq. ("TCPA").

**ANSWER:**

Paragraph 4 calls for legal conclusions, to which no answer is required. To the extent a response is required, Defendant admits only that Plaintiff's Complaint alleges violations of the TCPA, 47 U.S.C. § 227, which is a federal statute.

**COMPLAINT ¶5:**

The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant directs, markets, and provides its business activities in this District, and because Defendant's unauthorized marketing scheme was directed by Defendant to consumers in this District like Plaintiff who has an area code (845) which is associated with this district.

**ANSWER:**

Paragraph 5 calls for legal conclusions, to which no answer is required. To the extent a response is required, Defendant denies that it sent unauthorized text messages and admits that it conducts marketing with consent in this District.

326349482v.3

## PARTIES

**COMPLAINT ¶6:**

Plaintiff is a natural person and a resident of Orange County, New York.

**ANSWER:**

Defendant admits Plaintiff is a natural person but lacks knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6.

**COMPLAINT ¶7:**

Defendant is a Delaware corporation headquartered Michigan.

**ANSWER:**

Defendant admits the allegations in Paragraph 7.

## FACTS

**COMPLAINT ¶8:**

Defendant has caused multiple text messages to be transmitted to Plaintiff's cellular telephone number ending in 2155 ("2155 Number"):





**ANSWER:**

Defendant admits that it caused some of the screenshotted text messages above to be sent to Plaintiff's cellular phone, but denies it was responsible for any text messages received by Plaintiff after April 2024.

**COMPLAINT ¶9:**

Plaintiff has asked Defendant to stop contacting her on January 23, 2024 and July 31, 2024, but Defendant continued to send her text messages on multiple occasions including February 2, 2024; February 4, 2024; May 29, 2024; July 18, 2024; and July 31, 2024.

**ANSWER:**

Defendant admits that it caused some of the screenshotted text messages above to be sent to Plaintiff's cellular phone, but denies it was responsible for any text messages received by Plaintiff after April 2024.

**COMPLAINT ¶10:**

As demonstrated by the above screenshots, the purpose of Defendant's text messages was to solicit the sale of consumer goods and/or services.

326349482v.3

**ANSWER:**

Defendant admits that it caused some of the screenshotted text messages above to be sent to Plaintiff's cellular phone, but denies it was responsible for any text messages received by Plaintiff after April 2024. Defendant admits that messages it sent were marketing in nature.

**COMPLAINT ¶11:**

As demonstrated by the above screenshots, the purpose of Defendant's text messages was to advertise, promote, and/or market Defendant's property, goods, and/or services.

**ANSWER:**

Defendant admits that it caused some of the screenshotted text messages above to be sent to Plaintiff's cellular phone, but denies it was responsible for any text messages received by Plaintiff after April 2024. Defendant admits that messages it sent were marketing in nature.

**COMPLAINT ¶12:**

As demonstrated by the above screenshots, Defendant does not honor consumer requests to opt-out of text message solicitations. Indeed, Plaintiff attempted to opt-out of Defendant's text message solicitations by responding, but Defendant continued to text message Plaintiff.

**ANSWER:**

Defendant denies the allegations in Paragraph 12.

**COMPLAINT ¶13:**

Defendant sent at least two solicitations after Plaintiff's initial opt-out request.

**ANSWER:**

Defendant admits that it caused some of the screenshotted text messages above to be sent to Plaintiff's cellular phone, but denies it was responsible for any text messages received by Plaintiff after April 2024.

**COMPLAINT ¶14:**

Plaintiff is the regular user of the telephone number that received the above telephonic calls.

326349482v.3

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 14.

**COMPLAINT ¶15:**

Plaintiff utilizes the cellular telephone number for personal purposes and the number is Plaintiff's residential telephone line and the 2155 Number is listed on the National Do Not Call Registry.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 15.

**COMPLAINT ¶16:**

Upon information and belief, Defendant maintains and/or has access to outbound transmission reports for all text messages sent advertising/promoting its services and goods. These reports show the dates, times, target telephone numbers, and content of each message sent to Plaintiff and the Class members.

**ANSWER:**

Defendant admits only that it maintains certain records of outbound text messages.

Defendant denies it maintains or has access to all outbound text messages historically sent or any

outbound text messages sent on behalf of the Sperry brand after April 2024.

**COMPLAINT ¶17:**

Defendant's failure to honor opt-out requests demonstrates that Defendant does not 1) maintain written policies and procedures regarding its text messaging marketing; (2) provide training to its personnel engaged in telemarketing; and/or (3) maintain a standalone do-not-call list.

**ANSWER:**

Defendant denies the allegations in Paragraph 17.

**COMPLAINT ¶18:**

Defendant's failure to (1) maintain the required written policies and procedures, (2) provide training to its personnel engaged in telemarketing, (3) maintain a standalone do-not-call list, and

326349482v.3

(4) honor consumer opt-out requests caused Plaintiff and the class members harm as they continued to receive text message solicitations after asking for those messages to stop.

**ANSWER:**

Defendant denies the allegations in Paragraph 18.

**COMPLAINT ¶19:**

Defendant's telephonic sales calls caused Plaintiff and the Class members harm, including statutory damages, inconvenience, invasion of privacy, aggravation, annoyance, and violation of their statutory privacy rights.

**ANSWER:**

Defendant denies the allegations in Paragraph 19. Defendant denies liability under the

TCPA and denies that Plaintiff is entitled to any damages.

**COMPLAINT ¶20:**

Defendant's text message spam caused Plaintiff and the Class members harm, including violations of their statutory rights, trespass, annoyance, nuisance, invasion of their privacy, and intrusion upon seclusion. Defendant's text messages also occupied storage space on Plaintiff's and the Class members' telephones.

**ANSWER:**

Defendant denies the allegations in Paragraph 20. Defendant denies liability under the

TCPA and denies that Plaintiff is entitled to any damages.

## CLASS ALLEGATIONS

## PROPOSED CLASS

**COMPLAINT ¶21:**

Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of Plaintiff and all others similarly situated.

**ANSWER:**

Defendant admits that Plaintiff attempts to bring this class action pursuant to F. R. Civ. P.

23, on behalf of herself and all others similarly situated. Defendant denies that class treatment is

appropriate.

326349482v.3

**COMPLAINT ¶22:**

Plaintiff brings this case on behalf of the Classes defined as follows:

**INTERNAL DO NOT CALL CLASS: All persons within the United States who, within the four years prior to the filing of this Complaint, (1) were sent a text message from Defendant or anyone on Defendant's behalf, (2) regarding Defendant's goods, products or services, (3) to said person's residential telephone number, (4) after making a request to Defendant to not receive future text messages.**

**ANSWER:**

Defendant admits that Plaintiff attempts to bring this class action pursuant to F. R. Civ. P. 23, on behalf of herself and all others similarly situated. Defendant denies that class treatment is appropriate.

**COMPLAINT ¶23:**

Plaintiff reserves the right to modify the Class definitions as warranted as facts are learned in further investigation and discovery.

**ANSWER:**

Defendant admits that Plaintiff may modify any proposed Class definitions in accordance with the Federal Rules of Civil Procedure. Defendant denies that class treatment is appropriate.

**COMPLAINT ¶24:**

Defendant and its employees or agents are excluded from the Classes. Plaintiff does not know the number of members in each the Class but believes the Class members number in the several thousands, if not more.

**ANSWER:**

Defendant admits that the categories of individuals listed in Paragraph 24 should be excluded from any class, but denies that class treatment is appropriate.

**NUMEROSITY**

**COMPLAINT ¶25:**

Upon information and belief, Defendant has placed automated calls and text messages to cellular telephone numbers belonging to thousands of consumers throughout the United States

326349482v.3

without their prior express consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

**ANSWER:**

Defendant denies the allegations in Paragraph 25 and denies that class treatment is appropriate.

**COMPLAINT ¶26:**

The exact number and identities of the members of the Class are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

**ANSWER:**

Defendant denies the allegations in Paragraph 26 and denies that class treatment is appropriate.

**COMMON QUESTIONS OF LAW AND FACT**

**COMPLAINT ¶27:**

There are numerous questions of law and fact common to members of the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the members of the Class are:

> a. Whether Defendant initiated telephonic sales calls to Plaintiff and the Class members;
> after opt-out requests;
> c. Whether Defendants maintain an internal do-not-call list and instruct their employees on how to use the list; and
> d. Whether Defendant is liable for damages, and the amount of such damages.

**ANSWER:**

Defendant denies the allegations in Paragraph 27, including those set forth in subsections a, b, c, and d of this Paragraph. Defendant further denies that class treatment is appropriate.

**COMPLAINT ¶28:**

The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits calls to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

9

**ANSWER:**

Defendant denies the allegations in Paragraph 28 and denies that class treatment is appropriate.

## TYPICALITY

**COMPLAINT ¶29:**

Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**ANSWER:**

Defendant denies the allegations in Paragraph 29 and denies that class treatment is appropriate.

## PROTECTING THE INTERESTS OF THE CLASS MEMBERS

**COMPLAINT ¶30:**

Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

**ANSWER:**

Defendant denies Plaintiff would be an adequate representative for the proposed putative class and denies that class treatment is appropriate.

## PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE

**COMPLAINT ¶31:**

A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

10

**ANSWER:**

Defendant denies the allegations in Paragraph 31.

**COMPLAINT ¶32:**

The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**ANSWER:**

Defendant denies the allegations in Paragraph 32.

**COUNT 1**
**VIOLATION OF 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d)**
**(On Behalf of Plaintiff and the Internal Do Not Call Class)**

**COMPLAINT ¶33:**

Plaintiff re-alleges and incorporates the foregoing allegations set forth in paragraphs 1 through 32 as if fully set forth herein.

**ANSWER:**

Defendant incorporates by reference its responses to the allegations contained in Paragraphs 1 through 32, as if set forth fully herein.

**COMPLAINT ¶34:**

In pertinent part, 47 C.F.R. § 64.1200(d) provides:

> No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:
>
> (1) *Written policy*. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

11

(2) *Training of personnel engaged in telemarketing*. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

(3) *Recording, disclosure of do-not-call requests.* If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.

## ANSWER:

Defendant admits only that Paragraph 34 states the cited sections of the TCPA and the C.F.R. Defendant denies any liability under the TCPA.

## COMPLAINT ¶35:

Under 47 C.F.R § 64.1200(e), the rules set forth in 47 C.F.R. § 64.1200(d) are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers.

## ANSWER:

Paragraph 35 calls for a legal conclusion to which no response is required.

## COMPLAINT ¶36:

Plaintiff and the Internal Do Not Call Class members made requests to Defendant not to receive calls from Defendant.

12

326349482v.3

**ANSWER:**

Defendant denies the allegations in Paragraph 36.

**COMPLAINT ¶37:**

Defendant failed to honor Plaintiff and the Internal Do Not Call Class members opt-out requests.

**ANSWER:**

Defendant denies the allegations in Paragraph 37.

**COMPLAINT ¶38:**

Defendant's refusal to honor opt-out requests is indicative of Defendant's failure to implement a written policy for maintaining a do-not-call list and to train its personnel engaged in telemarketing on the existence and use of the do-not-call-list.

**ANSWER:**

Defendant denies the allegations in Paragraph 38.

**COMPLAINT ¶39:**

Thus, Defendant has violated 47 C.F.R. § 64.1200(d).

**ANSWER:**

Defendant denies the allegations in Paragraph 39.

**COMPLAINT ¶40:**

Pursuant to section 227(c)(5) of the TCPA, Plaintiff and the Internal Do Not Call Class members are entitled to an award of $500.00 in statutory damages, for each and every negligent violation.

**ANSWER:**

Defendant denies the allegations in Paragraph 40. Defendant denies that Plaintiff or any

member of the putative class are entitled to damages of any kind.

**COMPLAINT ¶41:**

As a result of Defendant's knowing or willful conduct, Plaintiff and the Internal Do Not Call Class members are entitled to an award of $1,500.00 in statutory damages per violation.

326349482v.3

**ANSWER:**

Defendant denies the allegations in Paragraph 41. Defendant denies that Plaintiff or any member of the putative class are entitled to damages of any kind.

**COMPLAINT ¶42:**

Plaintiff and the Internal Do Not Call Class members are also entitled to and seek injunctive relief prohibiting Defendant's illegal conduct in the future, pursuant to section 227(c)(5).

**ANSWER:**

Defendant denies the allegations in Paragraph 42.

## PRAYER FOR RELIEF

Defendant denies the allegations in Plaintiff's prayer for relief and expressly denies that Plaintiff or the putative class is entitled to any relief whatsoever, including, but not limited to, statutory damages, injunctive relief, and/or class certification. All allegations of the Complaint not previously admitted or denied are here and now denied as though specifically denied herein.

## AFFIRMATIVE DEFENSES

Defendant, without assuming any burden of production or proof that it does not have as a matter of law, asserts the following affirmative and other defenses to Plaintiff's First Amended Class Action Complaint.

Defendant denies any and all liability on the claims of Plaintiff and the putative class. Subject to, and without waiver of the denials contained in its answers above and without assuming any burden of production or proof that it would not otherwise have, Defendant raises the following affirmative defenses to the claims alleged in Plaintiff's Complaint.

14

**FIRST AFFIRMATIVE DEFENSE**
**(Failure to Join a Necessary Party)**

Authentic Brands Group LLC, who was previously named as a Defendant to this action and was dismissed by Plaintiff, is a necessary and indispensable party to this action. Authentic Brands Group LLC's involvement in the controversy is such that no final judgment can be entered which will do justice between the parties without Authentic Brands Group LLC as a named party. Specifically, the brand which is alleged to have delivered text messages to Plaintiff after April 2024, was sold by Defendant Wolverine Worldwide, Inc. to Authentic Brands Group LLC in April 2024. Therefore, Authentic Brands Group LLC was improperly dismissed by Plaintiff as Plaintiff's claims extend beyond April 2024 where Authentic Brands Group LLC caused text messages to be delivered to Plaintiff.

**SECOND AFFIRMATIVE DEFENSE**
**(Due Process)**

Plaintiff's claims, and the claims of the putative class, are barred to the extent that they violate Defendant's Due Process rights under the United States Constitution. Statutory penalties violate Due Process rights "where the penalty prescribed is so severe and oppressive as to by wholly disproportioned to the office and obviously unreasonable." *St. Louis, I.M. & S. Ry. Co. v. Williams,* 251 U.S. 63, 66-67 (1919). *See also Wakefield v. ViSalus, Inc.*, 51 F.4th 1109, 1121 (9th Cir. 2022) (holding that aggregated statutory damages awards in certain circumstances are subject to due process limitations). The alleged violation at issue causes *de minimis* or no actual harm. Imposition of a $500.00 per call penalty, or a discretionary $1,500 per call penalty, is so severe and oppressive as to by wholly disproportional to the alleged offense and is obviously unreasonable.

15

## THIRD AFFIRMATIVE DEFENSE
### (Failure to state a claim)

Plaintiff's claims, and the claims of the putative class, are barred in whole or in part to the extent Plaintiff or any class member cannot state a claim for relief under the TCPA.

## FOURTH AFFIRMATIVE DEFENSE
### (Eighth Amendment)

Plaintiff's claims, and the claims of the putative class, are barred to the extent that they violate the excessive fines clause of the Eighth Amendment of the United States Constitution. The aggregated statutory damages, if any, are so disproportional to the alleged violation at issue, so as to be unconstitutionally excessive. *See U.S. v. Bajakajian*, 524 U.S. 321, 334 (1998); *Hudson v. U.S.*, 522 U.S. 93, 103 (1997) (recognizing that Eighth Amendment protections apply to excessive civil fines)

## FIFTH AFFIRMATIVE DEFENSE
### (Lack of Standing)

Plaintiff's claims, and the claims of the putative class, are barred to the extent that Plaintiff has not suffered a concrete and particularized injury-in-fact as required by Article III of the United States Constitution.

## SIXTH AFFIRMATIVE DEFENSE
### (Text Messages Are Not Encompassed By The TCPA)

Plaintiff's claims, and the claims of the putative class, are barred to the extent that they allege receipt of text messages constitute a recoverable violation of the TCPA. The private right of action under the TCPA, 47 U.S.C. § 227(c)(5), specifies "telephone calls" which is a separate and distinct form of communication from text messages. The omission of "text message" from the language of 47 U.S.C. § 227(c)(5) confirms that the provision only applies to telephone calls.

16

## SEVENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE
### (Intervening or Superseding Cause)

Plaintiff's claims, and the claims of the putative class, are barred in whole or part by intervening or superseding causes or the independent actions or omissions of others over whom Defendant had no authority or control.

## NINTH AFFIRMATIVE DEFENSE
### (Lack of Willfulness)

Defendant has acted in good faith to comply with the law and has not willfully or knowingly violated any provision, subsection, or regulation under the TCPA and therefore cannot be liable for treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

## TENTH AFFIRMATIVE DEFENSE
### (Good Faith)

Plaintiff's claims, and the claims of the putative class, are barred, in whole or in part, by Defendant's good faith, and the absence of negligence, intentional or reckless conduct. To the extent that the TCPA applies to Defendant's conduct—which Defendant denies—Defendant is not liable because it relied on good faith upon its contracts and a reasonable interpretation of the TCPA's statutory language.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Text as a Result of Error)

Plaintiff's claims, and the claims of the putative class, are barred, in whole or in part, due to the occurrence of an error and Defendant and/or its vendor has established and implemented, with due care, reasonable practices, policies, and procedures to effectively prevent telephone solicitations in violation of the TCPA that are a part of its routine business practices.

17

Despite Wolverine's reasonable practices, policies, and procedures to effectively prevent violations of the TCPA, in January 2024, Defendant changed its vendor that sent outbound text messages on behalf of the Sperry brand. While Wolverine's database was transitioned between vendors, no outbound text messages were sent by Wolverine on either January 23, 2024 or January 24, 2024. Any incoming text messages sent on these two dates were inadvertently not processed or received due to this blackout window. Wolverine was unaware that incoming messages during the two day window would not be processed. Because Plaintiff's stop request was sent during this 48 hour blackout period, the failure to process the incoming opt out request was a result of a bona fida error.

## TWELFTH AFFIRMATIVE DEFENSE
### (Contributory Fault)

Plaintiff's claims, and the claims of the putative class, are barred, in whole or in part, because third party acts—and not those of Defendant—caused or contributed, in full or in part, to Plaintiff's and the putative class members' alleged injury.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (No Injury)

Plaintiff's claims, and the claims of the putative class, are barred, because Plaintiff and the putative class members did not suffer any injury as a result of the alleged actions by Defendant.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Waiver)

Plaintiff's claims are barred in whole or in part because by her own conduct, Plaintiff waived any right to recover any relief under the TCPA.

326349482v.3

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Plaintiff's claims are barred in whole or in part because all or some portion of Plaintiff's alleged injuries were cause or are attributable to Plaintiff's failure to take reasonable action to mitigate those damages or injuries, if any.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Acts or Omissions of Plaintiff)

Plaintiff's claims, and the claims of the putative class, are barred in whole or in part to the extent the damages, if any, resulted from the acts and/or omission of Plaintiff or any person on whose behalf relief is sought.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Claims Not Representative of Class)

Defendant alleges that the claims of Plaintiff are not representative of the claims of the members of the putative class, and therefore this action is not properly maintained as a class action.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Claims Not Typical of the Class)

Defendant alleges that the claims and interests of Plaintiff, and Defendant's defense thereto, are not typical of the putative claims or related defenses of the putative class as a whole, and Plaintiff is not suitable class representatives. Therefore, Plaintiff cannot satisfy the prerequisites for a class action set forth in Federal Rule of Civil Procedure 23.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Unsuitable for Class Treatment)

This case may not be maintained as a class action because Plaintiff has not and cannot establish the existence of each of the requirements under Federal Rule of Civil Procedure 23 and other relevant legal authority. If the Court certifies a class action in this case over Defendant's

326349482v.3

objection, then Defendant asserts the affirmative defenses set forth herein against each and every member of the class(es).

## RESERVATION OF DEFENSES

Defendant reserves the right to revise the above affirmative defenses or add additional defenses that become known during investigation and discovery.

Dated: June 9, 2026                    Respectfully Submitted,

                                         SEYFARTH SHAW LLP

                                         By: /s/ *Gershon Akerson*

                                             Gershon Akerson
                                           gakerson@seyfarth.com
                                           620 Eighth Avenue
                                           New York, NY  10018
                                           Telephone:  (212) 218-5500
                                           Facsimile:  (212) 218-5526

                                         *Attorneys for Defendant*
                                         Wolverine Worldwide, Inc.

326349482v.3