June 12, 2026

**VIA ECF**
Hon. Margaret M. Garnett
United States District Judge
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re: *Nannery v. Wolverine Worldwide, Inc.,* No. 1:26-cv-00470-MMG

Dear Judge Garnett:

Pursuant to the Court's Notice of Initial Pretrial Conference and Individual Rule II(A)(5), the parties respectfully submit this joint initial submission. The proposed Civil Case Management Plan and Scheduling Order is attached as Exhibit A.

## I. <u>Brief Description of the Case</u>

**Plaintiff's position.** This is a putative class action under the Telephone Consumer Protection Act, 47 U.S.C. § 227(c), and 47 C.F.R. § 64.1200(d). Plaintiff Julia Nannery alleges that Defendant Wolverine Worldwide, Inc. sent telemarketing text messages to Plaintiff's cellular/residential telephone number ending in 2155 after Plaintiff asked that the messages stop, including after opt-out requests on January 23, 2024 and July 31, 2024. Plaintiff alleges that the messages promoted goods and services and that Defendant failed to maintain and honor internal do-not-call policies, procedures, training, and suppression lists required by the TCPA. Plaintiff seeks statutory damages, treble damages for knowing or willful violations, injunctive relief, and certification of the Internal Do Not Call Class defined in the First Amended Complaint.

**Defendant's position.** Plaintiff's TCPA putative class action alleges Defendant, Wolverine Worldwide, Inc. ("Wolverine"), was responsible for all marketing text messages relating to the Sperry brand received by Plaintiff between January 23, 2024 and July 31, 2024, after Plaintiff opted-out of text message marketing. Despite Wolverine's reasonable practices, policies, and procedures to effectively prevent violations of the TCPA, in January 2024 Defendant changed its third-party vendor which sent messages on behalf of the Sperry brand, and as a result of this transition Plaintiff's opt-out request was not processed or received during the two day transition period. The failure to process Plaintiff's opt-out request was the result of a bona fide error as contemplated by the TCPA. Moreover, Defendant Wolverine sold the Sperry brand in April 2024 and any text messages received by Plaintiff after April 2024 were not sent by Defendant Wolverine, and therefore certain necessary parties have not been joined in this case. Due to, among other Rule 23 issues, the individualized nature of Plaintiff's claims and lack of numerosity, this matter is not appropriate for class treatment.

**Jurisdiction and venue.** The Court has federal question jurisdiction under 28 U.S.C. § 1331 because the action arises under the TCPA, 47 U.S.C. § 227, and personal jurisdiction and venue are proper because Defendant directs and conducts business and marketing activities in this District and Plaintiff resides in Orange County, New York.

## II. Contemplated Motions

**Plaintiff's position.** Plaintiff anticipates moving for class certification under Fed. R. Civ. P. 23 after discovery sufficient to address certification issues. Plaintiff does not presently anticipate a dispositive motion before class and merits discovery, but reserves the right to seek leave to amend or join additional parties within the Courts schedule if discovery shows that additional entities, vendors, or successors are necessary. Plaintiff may seek appropriate relief regarding affirmative defenses or discovery issues if the parties cannot resolve such issues after good-faith meet-and-confer efforts.

**Defendant's position.** Defendant anticipates early motion practice regarding Plaintiff's operative Complaint, including adding an additional party, or parties, and potential dispositive motion briefing for judgment on the pleadings. Defendant further anticipates that should this matter proceed to the close of merits discovery, Defendant will seek summary judgment prior to engaging in class discovery.

## III. Discovery and Case Management

**Plaintiff's position.** Plaintiff proposes that fact discovery close 180 days after the Initial Pretrial Conference or entry of the Scheduling Order; initial disclosures be exchanged within 14 days; motions to amend pleadings or join parties be filed within 30 days; initial document requests and Local Civil Rule 33.3(a) interrogatories be served within 30 days; and document productions proceed on a rolling basis with substantial completion within 60 days of the Scheduling Order, subject to proportional staging of ESI. Plaintiff anticipates meaningful but manageable ESI, including outbound text-message logs, inbound opt-out data, suppression/do-not-call lists, vendor/platform records, marketing databases, and policies and training materials, if any. Plaintiff proposes that the parties file an ESI/protective order within 30 days and include a Fed. R. Evid. 502(d) clawback provision.

**Defendant's position.** Defendant proposes that due to the unique and individualized facts of Plaintiff's claims under the TCPA, this case warrants a phased discovery schedule for the parties to first engage in discovery to specifically address Plaintiff's claims and to determine whether there is sufficient numerosity for class treatment. Defendant proposes this first phase of fact discovery close 180 days after the Initial Pretrial Conference or entry of the Scheduling Order.

Defendant further proposes that the following deadlines be set after the Initial Pretrial Conference or entry of the Scheduling Order:

- initial disclosures be exchanged within 21 days;
- motions to amend pleadings or join parties be filed within 30 days;
- initial document requests and Local Civil Rule 33.3(a) interrogatories, limited to Plaintiff's claims regarding the alleged TCPA violations and determination of numerosity for class treatment be served within 30 days;

Defendant anticipates that it will require discovery relating to Plaintiff and her claims articulated in her operative Complaint to support Defendant's anticipated dispositive motions and oppose Plaintiff's anticipated motion for class certification. Defendant does not anticipate any issues regarding electronically stored information.

326561679v.2

## IV. <u>Settlement and ADR</u>

**Plaintiff's position.** Plaintiff is willing to discuss early resolution and believes that meaningful settlement discussions or mediation are most likely after an exchange of core information, including text-message transmission records, opt-out and do-not-call records, relevant policies and training materials, vendor contracts/transition records, and applicable insurance information. Plaintiff is amenable to private mediation after preliminary class discovery.

**Defendant's position.** Defendant is willing to discuss early resolution and believes that meaningful settlement discussions require that all necessary parties responsible for the violations alleged in Plaintiff's operative Complaint are included. Defendant is willing to engage in informal settlement discussions, as well as discussions guided by private mediators or services offered by the Court.

## V. <u>Other Issues for the Initial Pretrial Conference</u>

**Plaintiff's position.** Plaintiff requests that the Court set or permit the parties to propose a Rule 23 class-certification schedule after completion of class discovery, including any necessary data/expert discovery. Plaintiff anticipates a protective order may be needed for proprietary marketing data, customer data, vendor contracts, and platform records, and proposes using this Court's model protective order as a starting point.

Plaintiff demanded a jury trial and presently estimates a trial length of approximately five days, subject to class certification and the scope of trial.

**Defendant's position.** Defendant does not object to Plaintiff's request for a separate class-certification schedule following a phased discovery schedule wherein the parties first engage in discovery to specifically address Plaintiff's claims and to determine whether there is sufficient numerosity for class treatment. Defendant agrees with Plaintiff's position that a protective order will likely be necessary for Defendant and potential future party's proprietary data.

Respectfully submitted,

DAPEER LAW, P.A.

By: /s/ Rachel Nicole Dapeer
Rachel Nicole Dapeer
156 W 56th St #902
New York, NY 10019
Telephone: (917) 456-9603
Email: rachel@dapeer.com
Counsel for Plaintiff and the Class

SEYFARTH SHAW LLP

By: /s/ *Gershon Akerson*
Gershon Akerson
gakerson@seyfarth.com
620 Eighth Avenue
New York, NY  10018
Telephone:  (212) 218-5500
Facsimile:  (212) 218-5526
Attorneys for Defendant Wolverine
Worldwide, Inc.

326561679v.2